UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAULT STE. MARIE TRIBE OF
CHIPPEWA INDIANS,

    Plaintiff,

v.                                                       Case No. 2:09-cv-095
                                                       CONSENT CASE

ROGER DENCKLAU, et al.,

    Defendants.
_____/

## OPINION

Plaintiff Sault Ste. Marie Tribe of Chippewa Indians filed this complaint against the remaining defendants, James Hamilton, Carolyn Hamilton, Bay Mountain Traders, LLC, BMT Enterprises d/b/a Black Mountain Traders, Inc., Roger Dencklau, Barbara Dencklau and Tina Gardner, the Tribe's Gift Shop Director. Plaintiff alleges that defendants conspired to defraud the Tribe by entering into a scheme where Gardner purchased excessive goods in unauthorized amounts to sell in the casino gift shop while receiving a kick-back from defendants.

Plaintiff filed a motion for summary judgment arguing that sovereign immunity entitled them to dismissal of defendants' counterclaim against plaintiff. District Court Judge Gordon J. Quist issued an opinion on January 20, 2010. Judge Quist found that Roger and Barbara Dencklau conceded that the Tribe could assert sovereign immunity as a defense to their counterclaim. Judge Quist rejected the argument that the counterclaim could be used as a set-off to any recovery obtained against Roger and Barbara Dencklau. Judge Quist allowed discovery to proceed on the issue of waiver of sovereign immunity. Roger and Barbara Dencklau also moved for

summary judgment asserting that plaintiff had agreed not to use information provided by the Dencklaus against them. Judge Quist stated: "Whether the Tribe can produce any evidence that does not derive from the information provided by Roger Dencklau's statement remains to be seen." Opinion at 13. Judge Quist provided the Dencklaus sixty days to conduct discovery to determine whether the Tribe has any admissible evidence against defendants which could defeat summary judgment that is independent from information provided to the Tribe by Roger Dencklau. Federal Rule of Civil Procedure 37(b)(2)(A) provides a number of sanctions against a party that fails to comply with a court order regarding discovery, including dismissal of the claim or the matter deemed admitted against the offending party.

The Tribe failed to timely respond to discovery requests and the Dencklaus filed a renewed motion for summary judgment followed by an amended motion for summary judgment. A hearing was held on July 2, 2010. At the hearing counsel for plaintiff conceded that he had no good excuse for failing to respond in a timely matter to discovery requests. Plaintiff represented that the responses were three months late and provided nearly two months after the filing of the renewed motion for summary judgment.

Accordingly, because plaintiff has admitted that the responses were untimely without any good reason, plaintiff may not show that there exists independent evidence against the Dencklaus that is admissible in this lawsuit. Accordingly, Roger and Barbara Dencklau shall be dismissed from this lawsuit. Further, Sovereign immunity may not be used as a defense by the Tribe against the Dencklaus' counterclaim. The asserted prejudice that plaintiff claims as a result of this finding is reduced by the statements at the hearing by counsel for Roger and Barbara Dencklau that they would not further pursue the counterclaims contained in their counterclaim against plaintiff if they prevailed on this motion for summary judgment.

Accordingly, the amended motion for summary judgment filed by defendants Roger Dencklau and Barbara Dencklau (Docket #76) will be granted and plaintiff's motion for summary judgment on the basis of sovereign immunity (Docket #47) will be denied.

IT IS SO ORDERED.

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2010